UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

HARVEY L. FAIRLEY,

        Petitioner,

v.

CATHERINE BAUMAN,

        Respondent.

_____/

Case No. 2:18-cv-96

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner Harvey L. Fairley is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan.  Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of assault with intent to murder and felony firearm on November 30, 1999.  The trial court sentenced Petitioner to respective prison terms of life for the assault with intent conviction and 5 years for the felony firearm conviction.  Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Court of Appeals affirmed Petitioner's convictions on May 7, 2002, in *Michigan v. Fairley*, Michigan Court of Appeals No. 224908.  The Michigan Supreme Court denied his application for leave to appeal on January 31, 2003, in *Michigan v. Fairley*, Michigan Supreme Court Case No. 121862.  Petitioner also filed a number of motion for relief from judgment beginning in 2008, as set forth below.

On June 27, 2018, Petitioner filed his habeas corpus petition.  Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner placed his petition in the prison mailing system on June 25, 2018.  (Pet., ECF No. 1, PageID.23.)

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on January 31, 2003, in *Michigan v. Fairley*, Michigan Supreme Court Case No. 121862. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 1, 2003.

Therefore, Petitioner had one year from May 1, 2003, or until May 3, 2004[1], to file his habeas corpus petition or to otherwise toll the running of the statute of limitations.

Petitioner filed a motion for relief from judgment sometime in 2008, which was denied by the court on January 22, 2009.  (ECF No. 1-3, PageID.62.)  It does not appear as if Petitioner appealed the denial of his initial motion for relief from judgment to the Michigan Court of Appeals or the Michigan Supreme Court.  Petitioner subsequently filed a number of successive motions for relief from judgment, all of which were denied for lack of jurisdiction.  Petitioner's second motion for relief from judgment was denied as an excessive motion on November 7, 2011.  Petitioner's subsequent appeal to the Michigan Court of Appeals was denied for lack of jurisdiction on March 2, 2012 in Case No. 307731.  The Michigan Supreme Court denied leave on September 24, 2012 in Case No. 144812.  Petitioner filed a third motion for relief from judgment, which was denied as successive on April 13, 2015.  Petitioner's motion for reconsideration was also denied.  Petitioner filed a fourth motion for relief from judgment, which was denied by the Circuit Court on March 23, 2017, pursuant to MCR 6.502(G) and MCR 6.504(B)(2) for lack of jurisdiction.  (ECF No. 1-3, PageID.63.)  Petitioner's subsequent appeal was denied by the Michigan Court of Appeals on August 3, 2017, and by the Michigan Supreme Court on May 1, 2018.  (ECF Nos. 1-4 and 1-5.)

As noted above, Petitioner had until May 3, 2004, to file his habeas application or to otherwise toll the running of the statute of limitations.  Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run.  *Payton v. Brigano*,

---

[1] May 1, 2004, fell on a Saturday.

256 F.3d 405, 408 (6th Cir. 2001).  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).  Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490).  Because Petitioner's one-year period expired on May 3, 2004, his collateral motions filed in 2008 and in subsequent years did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain

5

period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 399-400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him.  *Schlup*, 513 U.S. at 329.  Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely.  Therefore, I recommend that a certificate of appealability should be denied.

7

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.

Dated:   October 18, 2018  /s/ Timothy P. Greeley
Timothy P. Greeley
United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).